WILLIAM HOUSE, by His Next Friend, FRANK HOUSE, Appellant, v. A. BOWMAN.

**Adjudication in Probate:** JURY QUESTION. The clerk paid money to a guardian, under the belief that it was due his ward. It, in fact, belonged to a minor who had no guardian. It was turned over to the ward. The court approved the guardian's report, which set out the transaction, and discharged him. The minor, whose money was paid to the wrong person, was not a party to the said guardianship proceedings. There was evidence tending to show that the guardian knew, before he took the money, that it belonged to said minor. *H. ld.* the approval of the report was no adjudication, and the case should have gone to the jury on the issue whether the guardian had such knowledge.

*Appeal from Linn District Court.*—Hon. J. H. Preston, Judge.

Wednesday, February 5, 1896.

Action to recover for money alleged to be due to the plaintiff, as an heir of George House, deceased. There was a trial by jury, and at the close of the introduction of the evidence in behalf of the plaintiff, the court, on motion of the defendant, instructed the jury to return a verdict for the defendant. From a judgment on the verdict, the plaintiff appealed.—*Reversed.*

*Rickel & Crocker* for appellant.

*William Smyth* and *J. W. Jamison* for appellee.

Rothrock, C. J.—The plaintiff is a grand-child of George House, deceased. It appears that a partition of certain real estate of the deceased, was had in the Linn district court, and the land was sold by referees appointed by the court. The plaintiff had two brothers and a sister, their names being Frank House, Arthur House, and Hester House. All these grand-children were minors when the proceedings in partition were had, and when the land was sold, each was entitled to two hundred and twenty-six dollars of the money received therefor. The defendant was duly appointed guardian of Arthur House and Hester House, and, as such guardian, he received from one of the referees the money to which his wards were entitled, and executed receipts therefor. The plaintiff and Frank House had no guardian, and their share of the money was paid, by one of the referees, to the clerk of the district court. The clerk of the court gave the referees a receipt for the money, which was in these words:

"$452.42.   Marion, Iowa, Nov. 16, 1888.   Received of
J. B. Leigh and John F. Gritman, referees, four hun-
dred fifty-two and 42-100 dollars, as the distributive
shares of Arthur and Hester House, in case of *Hester
Stantz v. Allen House, et al.*, district court.   J. W.
Bowdish, Clerk.   By H. A. Stearns, Deputy."   It will
be observed that his receipt purports to be for the dis-
tributive shares of the two minors, of whom the
defendant was guardian.   It was in fact the distrib-
utive shares of William House and Frank House, who
had no guardian. `Before this deposit was made with
the clerk, the defendant had received from the ref-
erees the full amount to which his wards were entitled,
and receipts were given therefor.   The defendant
received from the clerk the money paid in by the ref-
erees, and settled with his wards by paying them each
four hundred and thirty-four dollars, or thereabouts,
being twice the sum to which they were entitled.
After making these payments, he made his report to
the court, showing said payments, and his report was
examined and approved by the court, and he was dis-
charged as guardian.   The above facts are practically
undisputed, and it is conceded that the plaintiff has
received nothing from the estate of his grand-father.
As the clerk receipted for the money as belonging to
the defendant's wards, it is to be supposed that the
records showed that it was their money, and it was
paid out to the defendant as their guardian.   And
there is no question that the defendant's wards have
no right to the money.   The defendant did not profit
by acting as guardian for his wards.   He paid his
counsel only four dollars for services in the matter of
guardianship, and he received five per cent. for his
own services.   There was evidence introduced by the
plaintiff which tended to show that the defendant had
notice, before he received the money from the clerk,
that it belonged to the two heirs who had no guardian.

The defendant, in his answer, claimed that he had no knowledge whatever that the money belonged to the plaintiff and Frank House, but that he received it from the clerk and paid it out in good faith, and in the full and honest belief that it belonged to his wards. And, so far as the case was tried, that appears to be the question to which the evidence was directed. We think as that was the issue, and as there was evidence tending to show that the defendant knew that his wards were not entitled to the money in dispute, the cause ought to have been submitted to the jury,—or, in other words, the defendant should have introduced his evidence on that issue. If money was received after notice that it did not belong to the wards, the approval of the report of the guardian, and his discharge by the court, cannot be held as an adjudication against the plaintiff, because he was not a party to that proceeding. The case involves one of the hardships which often occur in business affairs, whichever way it may be finally determined. The judgment of the district court is REVERSED.